### LIVINGSTON and another *v.* CLARKSON and others.

---

A report of commissioners in partition will not be disturbed, save for causes which, at law, would allow of a new trial.

And such a report will be regarded with more respect than a verdict where the commissioners were selected by the parties in interest—and with particular reference to their qualification.

---

A CASE of actual partition. The commissioners, William H. Wilson, William H. Dewitt and Henry Staats, had been named by the parties in interest as persons thoroughly competent and well qualified for the task assigned them.

Objections were taken by two of the defendants, Edward H. Ludlow and wife, to the report of these commissioners. First objection : That the valuation of the fee of each parcel of property was not set forth. Second objection : That a part allotted to two defendants was worth more, by two or three thousand dollars, than the commissioners had, in their division, considered ; and affidavits were added to the objections, in order to strengthen this point. Third objection :

That a piece of property, allotted to these exceptants at five thousand dollars, was not near of that value.

Mr. *Mumford*, for Ludlow and wife.

THE VICE-CHANCELLOR :—The report of commissioners is to be regarded in the light of a verdict of a jury rendered upon a trial at law ; and it will be disturbed or interfered with by the court only upon grounds similar to those on which a verdict would be set aside and a new trial granted : *In the matter of Pearl Street*, 19 Wend. 651.

Nay, more : it will be regarded with greater consideration even than a verdict, because, in this particular instance, the commissioners are persons who were selected by the parties themselves on account of their superior judgment and capacity to perform this particular service and they were authorized to act upon a personal view of the property and upon their individual knowledge of its value, location, &c. which they were left to acquire at their leisure and from all the best sources of information in their power and without regard to rules and forms of judicial proceedings in acquiring their knowledge.

The cases of *John and Cherry Streets in the City of New York*, 19 Wend. 659 and *William and Anthony Streets*, Ib. 678, are full of instances on that subject.

After a careful perusal of the affidavits submitted upon the objections taken to the master's report, I am satisfied that there is not the slightest ground, consistently with well established principles, to alter or modify the report in any one particular.

*Order*, that the objections be overruled, with costs.